IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAMELA HUNTER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

**I.
FACTUAL BACKGROUND**

1. On or about December 1, 2021, Plaintiff filed Plaintiff's Original Petition in the matter styled *Pamela Hunter v. Allstate Vehicle and Property Company,* Cause No. DC-22-16500, pending in the 101st Judicial District Court of Dallas County, Texas, in which Plaintiff made a claim for damages under her condominium owners insurance policy with Allstate following a winter freeze event. Plaintiff's claim involves homeowner's insurance policy purchased from Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** ("Allstate").

Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on December 9, 2022, by process server through its registered agent, CT Corporation System.

2. Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court. Attached as Exhibit "B-1" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibit "B-2" thru Exhibit B-5 as identified on the Index of Documents. Attached as Exhibit "C" is a List of All Parties.

## II.
## BASIS FOR REMOVAL

4. Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. THE PARTIES ARE OF DIVERSE CITIZENSHIP

6. Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition, p. 1.

Defendant Allstate was, and at the date of this Notice, remains, an Illinois property and casualty company authorized to transact business and has transacted business in Texas. Defendant Allstate was incorporated under the laws of Illinois and maintains its headquarters in Illinois. Defendant is organized under Chapter 982 of the Texas Insurance Code. Allstate is therefore not a citizen of the State of Texas for diversity purposes.

### B.  THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

7. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges Defendant Allstate is liable under her condominium owner's policy because Plaintiff made a claim under that policy and Defendant Allstate allegedly wrongfully adjusted and underpaid Plaintiff's claims. Plaintiff's Original Petition states "Plaintiff is seeking monetary relief of $250,000 or less, excluding interests, statutory or punitive damages and penalties, and attorneys' fees and costs." *See* Plaintiffs' Original Petition p. 2.

8. Defendant Allstate has shown by the preponderance of the evidence that Plaintiff's amount in controversy exceeds the minimal jurisdictional threshold at the time of removal.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

11. Defendant Allstate was first served with Plaintiff's Original Petition and process on or about December 9, 2022. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

12. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant hereby removes this case to this court for trial and determination.

Respectfully submitted,


  /s/Tiffany A. Au
Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
Tiffany A. Au
State Bar No. 24075842
tau@thompsoncoe.com
R. Annie Banks
Texas State Bar 24120361
 abanks@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Fax:   (214) 871-8209

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

This is to certify that on the 6th day of January, 2023, a copy of this document was served to all Counsel of Record via electronic notice to:

Carole S. Anhalt
Shaun W. Hodge
canhalt@hodgefirm.com
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEY FOR PLAINTIFF**

  /s/ Tiffany A. Au
    Tiffany A. Au